**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1505
_____

SAYED AHMED,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-930-030)
Immigration Judge: Honorable Miriam K. Mills

Submitted Pursuant to Third Circuit LAR 34.1 (a)
August 10,2011
Before: BARRY, HARDIMAN and COWEN, Circuit Judges

(Opinion filed:  August 11, 2011)
_____

OPINION
_____

PER CURIAM

        Sayed Ahmed petitions for review of an order of the Board of Immigration

Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying asylum,

withholding of removal, and relief under the Convention Against Torture (CAT). For the

reasons detailed below, we will deny the petition for review.

Ahmed, a citizen of Bangladesh, entered the United States on August 11, 2001. Three days later, Ahmed traveled to Canada, where he applied for refugee status. After being denied relief in Canada in 2006 (due to an adverse-credibility finding), Ahmed returned to the United States. The Department of Homeland Security charged him with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Ahmed conceded removability but filed an application for asylum, withholding of removal, and CAT relief. He claimed that he had been persecuted in Bangladesh, and feared future persecution, due to his membership in the Awami League, a political party.

After an evidentiary hearing, an IJ denied all relief to Ahmed. The IJ first determined that Ahmed lacked credibility and thus denied asylum and withholding of removal. Among other things, the IJ observed that Ahmed had provided inconsistent accounts of the incidents in which he had allegedly been harmed by members of the BNP, a rival political party. The IJ further concluded that, even if Ahmed had testified credibly, he had failed to show that he had suffered past persecution or possessed a well- founded fear of future persecution. The IJ also denied Ahmed's request for CAT relief because Ahmed had not shown that it was more likely than not that he would be tortured by the government if he returned to Bangladesh.

Ahmed sought review with the BIA, which dismissed his appeal. The BIA upheld both the LPs adverse credibility determination and her alternative conclusion that Ahmed had failed to establish past persecution or a well-founded fear of future persecution. Finally, the BIA concluded that Ahmed had provided no basis for it to disturb the LPs conclusion that the CAT

2

claim lacked merit. Ahmed then filed a timely petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's final order of removal. Where, as here, the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision, not that of the IJ. Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008).

We review agency factual determinations, including credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Because Ahmed filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations apply. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Prior to the implementation of the REAL ID Act, minor omissions or inconsistencies that did not go to the heart of an asylum applicant's claim were insufficient to support adverse credibility determinations. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the REAL ID Act, meanwhile, a trier of fact may base a credibility determination on any inconsistencies, without regard to whether they relate to the heart of the alien's claim. § 1158(b)(1)(B)(iii).[1]

We conclude that substantial evidence supports the agency's decision to reject Ahmed's credibility. The BIA concluded that Ahmed provided inconsistent accounts of two

---

[1] We have not yet applied the REAL ID Act standard in a precedential opinion. Here, the inconsistencies that the agency found relate to the heart of Ahmed's claims for relief, and would thus support an adverse credibility determination even under the pre-REAL ID Act standard.

incidents that he alleged constituted persecution. The first incident concerned an alleged beating that he suffered at the hands of three members of the BNP. In his affidavit in support of his asylum claim, Ahmed stated that his attackers hit him with hockey sticks, and that doctors "had to stitch and bandage the wounds on [his] head and shoulders." Meanwhile, at the hearing, Ahmed testified that it was his head and stomach that were harmed and required stitches. Moreover, Ahmed's attempt to explain the discrepancy as to the location of his injuries, if anything, further undermined his credibility. He said that his attorney in Canada had been incompetent and had wrongly reported his experiences in his application for refugee status in Canada, and that his American attorney had then copied that erroneous statement when completing the American application. That explanation, however, is irreconcilable with his attorney's repeated statements that he had seen the Canadian application for the first time when the government produced it on the day of the hearing before the IJ. It was thus reasonable for the BIA to reject Ahmed's attempt to explain this inconsistency. See, e.g.. Rizk v. Holder, 629 F.3d 1083, 1088 (9th Cir. 2011).

The BIA also based the adverse-credibility finding on Ahmed's differing accounts of an incident in which several BNP members allegedly came to his house looking for him. In his affidavit, he claimed that, finding him not at home, the BNP members had "brutally beaten" his father. Meanwhile, during his hearing, he testified about the incident in far more benign terms: he stated that the BNP members had only pushed his father. When confronted with this inconsistency, he represented that in his mind, pushing his father was the same thing as brutally beating him, but again, it was reasonable for the BIA to find this explanation unpersuasive.

4

Accordingly, we conclude that substantial evidence supports the BIA's adverse credibility finding. See, e.g., Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008).[2]

Ahmed also argues that he was denied due process during his hearing before the IJ. More specifically, he contends that the IJ was hostile toward him, was insufficiently prepared, permitted Ahmed to proceed without a translator, and wrongly admitted evidence concerning Ahmed's Canadian application. We exercise plenary review over this claim; to prevail, Ahmed must show "substantial prejudice." Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006).

Ahmed's right to due process was not violated here. While Ahmed claims that the IJ disparaged his case as involving "boilerplate stuff," a review of the record reveals that she was criticizing Ahmed's counsel for including only general information —"boilerplate stuff — on the 1-589 application and providing the specifics of Ahmed's claim only in the supporting affidavit. Further, while at one point the IJ became frustrated with Ahmed's unresponsiveness to a straightforward question, this does not amount to a due process violation. See Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003).

Ahmed's complaint about the IJ's preparation fares no better. During her examination of Ahmed, she acknowledged that some of her questions might cover the same ground that the attorneys had earlier covered, explaining that she had occasionally been distracted by trying to

---

[2] Because we conclude that substantial evidence supports the BIA's adverse credibility determination, we need not reach its alternative ruling that Ahmed failed to demonstrate past persecution or a well-founded fear of future persecution. Moreover, Ahmed has not argued in his appellate brief that the BIA erred in denying his claim for CAT relief, and we will therefore not review that claim, either.

review changes Ahmed's attorney had made to his asylum application and new evidence that the government had submitted. Ultimately, however, her questioning involved little repetition, and Ahmed cannot show substantial prejudice — especially because the IJ waited to issue her opinion until after she had listened to the audiotape of the proceedings.

We likewise reject Ahmed's argument that the IJ deprived him of due process by failing to provide him with proficient translator. While we agree that an asylum-seeker as the right to the services of a translator, see Marincas v. Lewis, 92 F.3d 195, 204 (3d Cir. 1996), to be entitled to relief, the alien must show that the translation was prejudicially incompetent, see Hartooni v. INS. 21 F.3d 336, 340 (9th Cir. 1994). Here, midway through his hearing, Ahmed expressed dissatisfaction with his translator's ability, and, after stating that he had learned English during his five years in Canada, decided to proceed on his own (with his interpreter present in case difficulties arose). He does not explain how he would have responded differently to any of the questions had a more capable interpreter been present, and accordingly, we also reject this due process argument.

Finally, Ahmed argues that his due process rights were violated by the IJ's decision to admit the record from his Canadian refugee proceedings despite the fact that the government had not served it on him before the hearing. Again, Ahmed cannot show that he was prejudiced by this alleged error. The BIA concluded that he was not entitled to relief without reference to any of the Canadian evidence and, as detailed above, we have concluded that that ruling is supported by substantial evidence.

Accordingly, we will deny the petition for review.